No. 83-468

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

STATE OF MONTANA, ex rel., COLONEL
ROBERT LANDON, Chief of Montana
Highway Patrol,

        Plaintiff and Respondent,

  -vs-

THOMAS CARL MACEK,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Stephens & Cole; Robert L. Stephens, Jr.,
        Billings, Montana

    For Respondent:

        Harold F. Hanser, County Attorney, Billings,
        Montana

---

Submitted on Briefs: December 22, 1983

Decided: February 9, 1984

Filed: FEB 9 1984

*Ethel M. Harrison*

———————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Thomas Carl Macek appeals from the order of the Thirteenth Judicial District Court declaring him to be a habitual traffic offender under section 61-11-203(2), MCA. We affirm.

The certificate of record from the Montana Motor Vehicle Division shows seven speeding violations at three points each and one DUI at ten points. One of the speeding violations used in the habitual offender calculation was a violation of Washington State's 55 m.p.h. interstate highway night speed limit. Defendant was driving at a rate of 69 m.p.h.

The only issue on appeal is whether a violation of a sister state's 55 m.p.h. speed limit can be included in the calculation of habitual traffic offender points.

Defendant argues that violations of Montana speed limits mandated by the federal fuel conservation conditions may not be included in the calculation. Section 61-11-103, MCA. Defendant reasons that his Washington State violation is also a violation of the federally imposed standard and therefore should not be included. We disagree.

Defendant's Washington violation would also be a violation of this state's 65 m.p.h. interstate highway nighttime speed limit; it would not merely be a conservation violation. Section 61-8-303(2)(c), MCA. The State of Montana has adopted a Driver License Compact that gives effect to violations committed in other jurisdictions. Section 61-5-401, MCA. Article IV of that compact provides in part that, "the licensing authority in the home state shall give such effect to the conduct [resulting in out-of-state conviction] as is provided by the laws of the home state." The violation in Washington would have been a

2

violation in Montana.   Thus, the Washington State speeding violation was correctly treated as a speeding violation adding 3 points to the habitual traffic offender calculation.

The judgment of the district court is affirmed.

Justice

We Concur:

Chief Justice

Justices

3